UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARK VANDERHEYDEN, Individually and For Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>ADDISON GROUP, LLC<br><br>  Defendant. | Case No. _1:21-cv-02242_<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Clark Vanderheyden (Vanderheyden) brings this lawsuit to recover unpaid overtime wages and other damages from Addison Group, LLC (Addison) under the Fair Labor Standards Act (FLSA).

2. Plaintiff worked for Addison Group, LLC (Addison) as a Recruiter during the relevant time period.

3. Plaintiff and the other workers like him regularly worked for Addison in excess of forty (40) hours each week.

4. But these workers never received overtime pay for hours worked in excess of forty (40) hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Addison improperly classified Plaintiff and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction because this case presents a federal question. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Addison maintains its headquarters in this District and Division.

9. Vanderheyden worked for Addison throughout Minnesota.

## PARTIES

10. Vanderheyden was employed by Addison as a recruiter from approximately January 2018 through August 2019.

11. Vanderheyden's written consent is attached as Exhibit A.

12. Vanderheyden brings this action on behalf of himself and all other similarly situated hourly employees, under the collective action provisions of the FLSA. *See* 29 U.S.C. § 216(b).

13. Addison subjected the Putative Class to the same FLSA violations as Vanderheyden, and such a collective is properly defined as:

> **All current and former recruiters employed by Addison at any time during the past three years who were paid a salary and no overtime compensation (the "Putative Class Members").**

14. The Putative Class Members are easily ascertainable from Addison's business and personnel records.

15. Addison is a Delaware Limited Liability Company that maintains its headquarters in Chicago, Illinois.

16. Addison may be served through its registered agent: **Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703**.

## COVERAGE UNDER THE FLSA

17. At all relevant times, Addison was an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18. At all relevant times, Vanderheyden was an employee within the meaning of the Section 3(e) of the FLSA. 29 U.S.C. § 203(e).

19. At all relevant times, Addison was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

20. At all relevant times, Addison was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

21. Addison had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods (such as cell phones and computers) or materials that have been moved in or produced for commerce by any person, including but not limited to, mobile devices, document scanners, printers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

22. Addison's annual gross volume of sales made or business done have far exceeded the minimum ($500,000.00) required for coverage under the FLSA during the last 3 years.

23. At all times hereinafter mentioned, Vanderheyden and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTUAL ALLEGATIONS**

24. Addison offers staffing and recruiting services in "industry sectors [such as] information technology, finance and accounting, healthcare, human resources, administrative, and digital marketing."[1]

25. To provide services to its clients, Addison employs recruiting personnel, including Recruiters.

26. Vanderheyden worked for Addison throughout Minnesota, but Addison employs the services of recruiters like Vanderheyden throughout the country

27. Vanderheyden worked for Addison as a Recruiter from approximately January 2018 until August 2019.

28. Throughout his entire employment Vanderheyden was paid a flat salary every week without any additional overtime premiums even though he routinely worked anywhere from 50 to 65 hours per workweek.

29. Addison paid Vanderheyden and the Putative Class Members the same flat salary for all hours worked.

30. Addison typically scheduled Vanderheyden and the Putative Class Members for 10 to 13-hour shifts for 5 days a week.

31. Vanderheyden and the Putative Class Members worked at least 10 hours a day.

32. Thus, Vanderheyden and the Putative Class Members worked approximately 50 to 65 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

33. Vanderheyden's working relationship with Addison is similar to that of the Putative Class Members.

---

[1] https://addisongroup.com/services/staffing-recruiting/ (last visited April 6, 2021).

34. Vanderheyden's work schedule is typical of the Putative Class Members.

35. Addison knew Vanderheyden and the Putative Class Members were scheduled for at least 10 to 13-hour shifts for 5 days a week.

36. Addison did not pay Vanderheyden or the Putative Class Members overtime wages for hours worked in excess of 40 in any of those weeks.

37. Instead, Addison paid Vanderheyden and the Putative Class Members a salary for each workweek.

38. By way of example, for the pay period covering August 11, 2019 through August 17, 2019, Addison paid Vanderheyden $769.23, despite the fact that Vanderheyden estimates that he worked 50 to 60 hours that week.

|  |  |  |  | Voucher # |  | Pay Date: 08/16/2019 |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | Pay Period: 08/11/2019-08/17/2019 |  |
| Earnings |  |  |  |  | Company Paid Benefits |  |  |
|  | Rate | Hours | Current | YTD |  | Current | YTD |
| Bonus |  |  |  | 1,329.16 | FUTA |  | 42.00 |
| In Lieu | 19.23 | 40.00 | 769.23 | 1,384.61 | FICA | 46.08 | 1,859.73 |
| Meals & En |  |  |  | 19.34 | MEDI | 10.78 | 434.94 |
| Perm Com |  |  |  | 2,937.50 | SUTA_SC:MN | 0.77 | 30.90 |
| Salary |  |  |  | 24,769.21 | SUTA:MN | 8.15 | 353.92 |
| Temp Com |  |  |  | 459.21 | Total | 65.78 | 2,721.49 |
| Travel Exp |  |  |  | 51.71 |  |  |  |
| Gross Pay |  |  | 769.23 | 30,950.74 |  |  |  |
| Hours Worked |  | 40.00 |  |  |  |  |  |
| Hours Paid |  | 40.00 |  |  |  |  |  |

39. Addison did not pay its employees (like Vanderheyden and the Putative Class Members) any overtime wages for hours worked in excess of 40 in a week.

40. Instead, Addison paid them a salary for all hours worked.

41. Even if their job titles and precise job duties differ, Addison subjected Vanderheyden and the Putative Class Members to the same or similar illegal pay practice for similar work.

42. As a Recruiter, Vanderheyden's primary job duties included sourcing candidates for open job positions with Addison's clients.

43. Vanderheyden and the Putative Class Members performed non-exempt work.

44. Vanderheyden and the Putative Class Members did not have the authority to hire or fire employees.

45. Vanderheyden and the Putative Class Members did not supervise two or more employees.

46. Vanderheyden and the Putative Class Members did not exercise independent discretion and judgment with respect to matters of significance.

47. Despite the fact that Vanderheyden and the Putative Class Members were non-exempt, Addison did not pay these employees overtime wages.

48. All of Addison's recruiters worked similar hours and were denied overtime wages as a result of the same pay practice.

49. Addison uniformly denied Vanderheyden and the Putative Class Members overtime wages for the hours they worked in excess of 40 hours in a single workweek.

50. Addison's policy of paying non-exempt employees like Vanderheyden and the Putative Class Members a flat salary for all hours worked violates the FLSA because it deprived Vanderheyden and the Putative Class Members of overtime compensation for the hours they worked in excess of 40 hours in a single workweek.

51. Addison knew, or showed reckless disregard for whether, Vanderheyden and the Putative Class Members were entitled to overtime wages under the FLSA.

52. Nonetheless, Addison knowingly, willfully, or in reckless disregard carried out this illegal pay practice that deprived Vanderheyden and the Putative Class Members of overtime compensation in violation of the FLSA.

53. Addison's failure to pay Vanderheyden and the Putative Class Members overtime wages was neither reasonable, nor was the decision not to pay these employees overtime wages made in good faith.

**COLLECTIVE ACTION ALLEGATIONS**

54. Vanderheyden brings this claim as a class and collective action under the FLSA.

55. The illegal pay practice Addison imposed on Vanderheyden was imposed on the Putative Class Members.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

57. The Putative Class Members are similarly situated in all relevant respects.

58. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

59. Based on his experience and tenure with Addison, Vanderheyden is aware that Addison's illegal practices were imposed on the Putative Class Members.

60. Addison similarly denied overtime wages to the Putative Class Members at the proper rates when they worked more than 40 hours per week.

61. The overtime wages owed to Vanderheyden and the Putative Class Members will be calculated using the same records and using the same formula.

62. Vanderheyden's experiences are therefore typical of the experiences of the Putative Class Members.

63. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

64. Vanderheyden has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

65. Like each Putative Class Members, Vanderheyden has an interest in obtaining the unpaid overtime wages owed under federal law.

66. The precise size and the identity of the Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Addison.

67. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68. Absent a collective action, many Putative Class Members will not obtain redress of their injuries, and Addison will reap the unjust benefits of violating the FLSA.

69. Further, even if some of the Putative Class Members could afford individual litigation against Addison, it would be unduly burdensome to the judicial system.

70. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

71. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

72. Among the common questions of law and fact are:

   a. Whether Addison employed Vanderheyden and the Putative Class Members within the meaning of the FLSA;

   b. Whether Vanderheyden and the Putative Class Members were exempt from the FLSA;

   c. Whether Addison's violation of the FLSA resulted from a continuing course of conduct;

   d. Whether Addison's decision to pay Vanderheyden and the Putative Class Members a salary without overtime compensation was made in good faith;

   e. Whether Addison's violation of the FLSA was willful; and

   f. Whether Addison's illegal pay practice applied to the Putative Class Members.

73. Vanderheyden and the Putative Class Members sustained damages arising out of Addison's illegal and uniform pay policy.

74. Vanderheyden knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

75. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Addison's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

76. Addison is liable under the FLSA for failing to pay overtime wages to Vanderheyden and the Putative Class Members.

77. Consistent with Addison's illegal pay policy, Vanderheyden and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

78. As part of their regular business practices, Addison intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Vanderheyden and the Putative Class Members.

79. Addison's illegal pay policy deprived Vanderheyden and the Putative Class Members of the premium overtime wages they are owed under federal law.

80. Addison is aware, or should have been aware, that the FLSA required it to pay Vanderheyden and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

81. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

82. Notice of this lawsuit should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

83. Those similarly situated workers are known to Addison, are readily identifiable, and can be located through Addison's business records.

## CAUSES OF ACTION
## FLSA VIOLATION

84. Vanderheyden realleges and incorporates by reference all allegations in preceding paragraphs.

85. As set forth herein, Addison has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

86. Addison knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Vanderheyden and the Putative Class Members overtime compensation.

87. Addison's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime compensation made in good faith.

88. Accordingly, Vanderheyden and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rates of pay, plus liquidated damages, attorneys' fees and costs.

89. Vanderheyden and the Putative Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from Addison.

## JURY DEMAND

90. Vanderheyden hereby demands a trial by jury.

## PRAYER

WHEREFORE, Vanderheyden, individually, and on behalf of the Putative Class Members respectfully requests that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. An Order appointing Vanderheyden and his counsel to represent the interests of the Putative Class Members;

c. An Order finding Addison liable to Plaintiffs and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. A judgment against Addison awarding Vanderheyden and the Putative Class Members all their unpaid overtime compensation and an equal amount in liquidated damages;

e. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

f. An order awarding attorney's fees, costs, and expenses;

g. Pre- and post-judgment interest at the highest applicable rates; and

h. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Douglas M. Werman
**Douglas M. Werman**

- 12 -

**Maureen A. Salas**
**WERMAN SALAS P.C.**
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008 – Telephone
dwerman@flsalaw.com
msalas@flsalaw.com

**Michael A. Josephson\***
Texas Bar No. 24014780
**Andrew W. Dunlap\***
Texas Bar No. 24078444
**Carl Fitz\***
Texas Bar No. 24105863
**Rachael Rustmann\***
Texas Bar No. 24073653
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com
rrustmann@mybackwages.com
*\*Pro hac vice application forthcoming*

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**