UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARK VANDERHEYDEN, CHARIYA MILINDAWAD, Individually and For Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>APFS, LLC<br><br>    Defendant. | Case No. 21-CV-2242<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Clark Vanderheyden (Vanderheyden) and Chariya Milindawad (Milindawad) (collectively, "Plaintiffs") bring this lawsuit to recover unpaid overtime wages and other damages from Addison Professional Financial Search, LLC or APFS, LLC (Addison).

2.  Plaintiffs worked for Addison as Recruiters during the relevant time period.

3.  Plaintiffs and the other workers like them regularly worked for Addison in excess of forty (40) hours each week.

4.  But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.  Instead of paying overtime as required by the Fair Labor Standards Act or the Illinois Minimum Wage Law (IMWL) and Illinois Wage Payment and Collection Act (IWPCA) (collectively, the IWA, Addison improperly classified Plaintiffs and those similarly situated workers as exempt employees and paid them a salary with no overtime compensation.

6. This class and collective action seek to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction because this case presents a federal question. 29 U.S.C. § 216(b); 28 U.S.C. § 1331.

8. The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

9. The Court also has supplemental jurisdiction over any state law class pursuant to 28 U.S.C. § 1367.

10. Venue is proper under 28 U.S.C. § 1391(b) because Addison maintains its headquarters in this District and Division.

11. Vanderheyden worked for Addison throughout Minnesota.

12. Milindawad worked for Addison in this District and Division.

## PARTIES

13. Vanderheyden was employed by Addison as a recruiter from approximately January 2018 through August 2019.

14. Vanderheyden's written consent was previously filed with the Court.

15. Vanderheyden brings this action on behalf of himself and all other similarly situated current and former employees, under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b).

16. The Parties stipulated to conditional certification of the following collective:

> **All individuals employed by Addison Group who held the job title junior recruiter or recruiter, or was a consultant performing recruiting duties from April 27, 2018 through present, were paid a salary without receiving overtime compensation for any workweek from April 27, 2018 through present and who did not exceed 18 months of employment with Addison Group at any point from April**

27, 2018 through present (the "FLSA Recruiters").

*See* Docs. 38, 39.

17. Milindawad seeks certification of a class under FED. R. CIV. P. 23 to remedy Addison's violations of the IMWL and IMPCA for those recruiters who were paid a salary without overtime and worked in Illinois during the past three years.

18. Addison subjected these individuals to the same pay practices as Milindawad. The class of similarly situated current and former employees sought to be certified as a class action for purposes of pursuing their Illinois state law claims is defined as:

> **All current and former recruiters employed by Addison in Illinois at any time during the past three years who were paid a salary and no overtime compensation (the "Illinois Recruiters").**

19. Collectively, the FLSA Recruiters and Illinois Recruiters are referred to as the Putative Class Members.

20. The Putative Class Members are easily ascertainable from Addison's business and personnel records.

21. Addison is a Delaware Limited Liability Company that maintains its headquarters in Chicago, Illinois.

22. Addison has been served and appeared in this action.

## COVERAGE UNDER THE FLSA

23. At all relevant times, Addison was an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all relevant times, Addison was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all relevant times, Addison was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

26. Addison had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods (such as cell phones and computers) or materials that have been moved in or produced for commerce by any person, including but not limited to, mobile devices, document scanners, printers, telephones, and other goods or materials that have moved in, or were produced for, commerce.

27. Addison's annual gross volume of sales made or business done have far exceeded the minimum ($500,000.00) required for coverage under the FLSA during the last 3 years.

28. At all times hereinafter mentioned, Vanderheyden and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

29. Addison offers staffing and recruiting services in "information technology, finance and accounting, healthcare, human resources, administrative, and digital marketing" industries.[1]

30. To provide services to its clients, Addison employs recruiting personnel, including recruiters.

31. Addison employs the services of hundreds of recruiters like Vanderhevden throughout the country in at least 25 different offices.[2]

32. Addison Recruite

---

[1] *See* https://www.prweb.com/releases/addison_group_announces_renewed_partnership_with_trilantic_north_america/prweb18415446.htm. (last visited February 17, 2022).

[2] https://addisongroup.com/who-we-are/locations/ (lasted visited February 17, 2022)

33. Vanderheyden worked for Addison as a recruiter from approximately January 2018 until August 2019.

34. Throughout his entire employment Vanderheyden was paid a flat salary every week without any additional overtime premiums even though he routinely worked anywhere from 50 to 65 hours per workweek.

35. Milindawad was classified as an exempt recruiter by Addison.

36. Milindawad worked for Addison in Schaumburg, Illinois during the relevant time period.

37. Milindawad regularly worked more than 40 hours each week without receiving overtime compensation.

38. Addison paid the FLSA Recruiter class and the Illinois Recruiter class the same salary for all hours worked.

39. Addison typically scheduled the FLSA Recruiter class and the Illinois Recruiter class for 10 to 13 hours a day for 5 days a week.

40. The FLSA Recruiter class and the Illinois Recruiter class worked approximately 50 to 65 hours in a typical workweek (far in excess of the overtime threshold of 40 hours).

41. The working relationship, classification, job responsibilities and pay structure imposed by Addison on Vanderheyden and Milindawad is similar to that of the FLSA Recruiter class and the Illinois Recruiter class.

42. The work schedule imposed by Addison on Vanderheyden and Milindawad is typical of the FLSA Recruiter class and the Illinois Recruiter class.

43. Addison knows and has known that the FLSA Recruiter class and the Illinois Recruiter class regularly worked overtime hours each week like Vanderheyden and Milindawad.

44. Addison knows and has known that Vanderheyden and Milindawad weren't paid overtime compensation and knows and has known that the similarly situated individuals who make up the FLSA Recruiter class and the Illinois Recruiter class were denied overtime compensation as well. Addison's knowledge is based on the fact that recruiters like Vanderheyden and Milindawad were paid a salary each week that did not provide for overtime compensation..

45. By way of example, for the pay period covering August 11, 2019 through August 17, 2019, Addison paid Vanderheyden $769.23, despite the fact that Vanderheyden estimates that he worked 50 to 60 hours that week.

|  |  |  |  | Voucher # |  | Pay Date: 08/16/2019 |  |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  | Pay Period: 08/11/2019-08/17/2019 |  |
| **Earnings** |  |  |  |  | **Company Paid Benefits** |  | 2 |
|  | Rate | Hours | Current | YTD |  | Current | YTD |
| Bonus |  |  |  | 1,329.16 | FUTA |  | 42.00 |
| In Lieu | 19.23 | 40.00 | 769.23 | 1,384.61 | FICA | 46.08 | 1,859.73 |
| Meals & En |  |  |  | 19.34 | MEDI | 10.78 | 434.94 |
| Perm Com |  |  |  | 2,937.50 | SUTA_SC:MN | 0.77 | 30.90 |
| Salary |  |  |  | 24,769.21 | SUTA:MN | 8.15 | 353.92 |
| Temp Com |  |  |  | 459.21 | **Total** | **65.78** | **2,721.49** |
| Travel Exp |  |  |  | 51.71 |  |  |  |
| **Gross Pay** |  |  | **769.23** | **30,950.74** |  |  |  |
| Hours Worked |  | 40.00 |  |  |  |  |  |
| Hours Paid |  | 40.00 |  |  |  |  |  |

46. Instead, Addison paid all of the recruiters in the same or similar manner and denied them overtime based on Addison's decision to treat all recruiters as exempt--regardless of whether they met the requirements for any exemption.

47. Addison's Recruiters hold various job titles, including Recruiter, Consultant, Engineering Recruiter, Executive Search Consultant, Healthcare Recruiter, HR Administration Recruiter, Junior Recruiter, and Technical Recruiter.

48. Even if their job titles and precise job duties differ slightly, Addison subjected Vanderheyden and Milindawad and all of those similarly situated individuals who make up the FLSA Recruiter class and the Illinois Recruiter class to the same or similar illegal pay practices for similar work.

49. For example, as recruiters the primary job duties of workers like Vanderheyden and Milindawad included sourcing candidates for open job positions with Addison's clients.

50. Vanderheyden and Milindawad did not supervise two or more employees.

51. Vanderheyden and Milindawad did not exercise independent discretion and judgment with respect to matters of significance.

52. Vanderheyden and Milindawad applied well established techniques, processes and practices in the performance of their recruiting responsibilities.

53. The work performed by Vanderheyden and Milindawad is inherently non-exempt work.

54. The similarly situated individuals who make up the FLSA Recruiter class and the Illinois Recruiter class had the same primary job duties as Vanderheyden and Milindawad and were subjected to the same practices and policies that removed discretion from the work place and made the recruiter inherently non-exempt..

55. Addison knew, or showed reckless disregard for whether, Vanderheyden and the FLSA Recruiter class were entitled to overtime under the FLSA.

56. Addison showed the same level of indifference for the overtime rights of Milindawad and the Illinois Recruiter class as well.

57. Addison's failure to pay overtime to Vanderheyden, Milindawad and the members of both the FLSA Recruiter class and the Illinois Recruiter class was reckless and in bad faith under both the FLSA and the Illinois state wage laws.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

58. Vanderheyden brings his claim as a collective action under the FLSA.

59. Milindawad brings her claim as a class action under the IWA.

60. The illegal pay practice Addison imposed on Vanderheyden and Milindawad were imposed on the FLSA Recruiter class and the Illinois Recruiter class.

61. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the IWA.

62. The FLSA Recruiter class and the Illinois Recruiter class are similarly situated in all relevant respects.

63. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

64. Based on his experience and tenure with Addison, Vanderheyden and Milindawad are aware that Addison's illegal practices were imposed on the FLSA Recruiter class and the Illinois Recruiter class.

65. Addison similarly denied overtime to the FLSA Recruiter class and the Illinois Recruiter class at the proper rates when they worked more than 40 hours per week.

66. The overtime owed to Vanderheyden and the FLSA Recruiter class will be calculated using the same records and using the same formula.

67. The overtime owed to Milindawad and the Illinois Recruiter class will be calculated using the same records and using the same formula.

68.

69. Vanderheyden's experiences are typical of the experiences of the FLSA Recruiter class.

70. Milindawad's experiences are typical of the experiences of the Illinois Recruiter class.

71. The specific job titles or precise job locations of the various FLSA or Illinois Recruiter class members do not prevent collective treatment.

72. Neither Vanderheyden or Milindawad have any interest contrary to, or in conflict with, the FLSA or Illinois Recruiter class that would prevent class or collective treatment.

73. Like each member of the FLSA Recruiter or Illinois Recruiter class, both Vanderheyden and Milindawad have an interest in obtaining the unpaid overtime wages owed under federal and state law.

74. The precise size and the identity of the FLSA Recruiter class is known from the consents that have been filed with this Court and the business records, tax records, and/or employee or personnel records maintained by Addison.

75. Similarly, the size and identity of the Illinois Recruiter class is known from the business records, tax records, and/or employee or personnel records maintained by Addison.

76. A class or collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

77. Absent a class or collective action, many FLSA or Illinois Recruiter class members will not obtain redress of their injuries, and Addison will reap the unjust benefits of violating the FLSA and IWA.

78. Further, even if some of the FLSA or Illinois Recruiter class members could afford individual litigation against Addison, it would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the FLSA and Illinois Recruiter class, as well as provide judicial consistency.

80. The questions of law and fact that are common to each member of the FLSA and Illinois Recruiter class predominate over any questions affecting solely the individual members.

81. Among the common questions of law and fact are:

   a. Whether Addison employed Vanderheyden and the FLSA Recruiter class within the meaning of the FLSA;

   b. Whether Vanderheyden, Milindawad and the members of the FLSA or Illinois Recruiter class were exempt from the FLSA;

c. Whether Addison's violation of the FLSA or IWA resulted from a continuing course of conduct;

d. Whether Addison's decision to pay Vanderheyden and the FLSA Recruiter class a salary without overtime was made in good faith;

e. Whether Addison's violation of the FLSA was willful; and

f. Whether Addison's illegal pay practice applied to the FLSA or Illinois Recruiter class members..

82. Vanderheyden, Milindawad, and the members of the FLSA or Illinois Recruiter class sustained damages arising out of Addison's illegal and uniform pay policy.

83. Neither Vanderheyden nor Milindawad know of any difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

84. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Addison's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

85. Addison is liable under the FLSA and IWA for failing to pay overtime to Vanderheyden, Milindawad, and the members of the FLSA or Illinois Recruiter class

86. Consistent with Addison's illegal pay policy, Vanderheyden and the FLSA Recruiter class members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

87. As part of their regular business practices, Addison intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Vanderheyden and the FLSA Recruiter class members

88. Addison's illegal pay policy deprived Vanderheyden and the FLSA Recruiter class members of the premium overtime wages they are owed under federal law.

89. Addison is aware, or should have been aware, that the FLSA required it to pay Vanderheyden and the FLSA Recruiter class members overtime premiums for all hours worked in excess of 40 hours per workweek.

90. There are many similarly situated class members who have been denied overtime pay in violation of federal and state law who would benefit from the the opportunity to join this lawsuit

91. Those similarly situated workers are known to Addison, are readily identifiable, and can be located through Addison's business records.

### CAUSE OF ACTION NO. 1
### FLSA VIOLATIONS

92. Vanderheyden realleges and incorporates by reference all allegations in preceding paragraphs.

93. As set forth herein, Addison has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

94. Addison knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Vanderheyden and the Putative Class Members overtime compensation.

95. Addison's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

96. Accordingly, Vanderheyden and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

97. Vanderheyden and the Putative Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from Addison.

### CAUSE OF ACTION NO. 2
### IWA VIOLATIONS

98. Milindawad brings this claim under the IWA as a Rule 23 class action.

99. At all relevant times, Addison was subject to the requirements of the IMWL

100. At all relevant times, Addison employed Milindawad and each Illinois Recruiter class member as an "employee" within the meaning of the IWA.

101. The IMWL requires employers like Addison to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Milindawad and each Illinois Recruiter are entitled to overtime pay under the IWA.

102. Addison has and had a policy and practice of misclassifying Milindawad and each Illinois Recruiter as exempt from overtime pay and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

103. Pursuant to 820 ILCS 105/12(a), Milindawad and the Illinois Recruiters are entitled to recover treble the amount of unpaid overtime wages together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such unpaid overtime wages for each month following the date of payment during which such underpayments remain unpaid.

### JURY DEMAND

104. Plaintiffs hereby demand a trial by jury.

### PRAYER

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Class Members to permit them to join this action by filing a written notice of consent;

b. An order certifying a Rule 23 class action on behalf of the Illinois Recruiters;

c. An Order appointing Vanderheyden and his counsel to represent the interests of the FLSA Recruiters;

d. An Order appointing Milindawad and her counsel to represent the interests of the Illinois Recruiters;

e. An Order finding Addison liable to Plaintiffs and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

f. A judgment against Addison awarding Vanderheyden and the Putative Members all their unpaid overtime compensation and an equal amount in liquidated damages;

g. A judgment against Addison awarding Milindawad and the Illinois Recruiters all their unpaid overtime compensation and penalties under the IWA;

h. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

i. An order awarding attorney's fees, costs, and expenses;

j. Pre- and post-judgment interest at the highest applicable rates; and

k. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Douglas M. Werman**
**Maureen A. Salas**
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008 – Telephone
dwerman@flsalaw.com
msalas@flsalaw.com

**Michael A. Josephson**
TX Bar No. 24014780
**Andrew W. Dunlap**
TX Bar No. 24078444
**Carl Fitz\***
TX Bar No. 24105863
**Rachael Rustmann\***
TX Bar No. 24073653
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com
rrustmann@mybackwages.com
\**Pro hac vice application forthcoming*

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on March 23, 2022.

*/s/ Michael A. Josephson*
Michael A. Josephson