**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLARK VANDERHEYDEN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 21 C 2242 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| APFS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING FINAL APPROVAL OF**
**CLASS & COLLECTIVE ACTION SETTLEMENT**

On March 22, 2023, this Court heard a motion for final approval of a class and collective action settlement by Representative Plaintiffs Clark Vanderheyden and Chariya Milindawad (Class Representatives), on behalf of themselves and all others similarly situated. The Court has read and considered the Motion for Final Approval of Class & Collective Action Settlement Agreement, the supporting memorandum of law, Plaintiffs' Memorandum of Law in Support of Request for an Award of Attorneys' Fees and Litigation Expenses, and other related materials submitted by the Class Representatives, has heard the Parties' presentation at the hearing on final approval, and is otherwise fully informed in the premises:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including all Class Members, as defined in the order granting preliminary approval [90], as follows:

> **FLSA Opt-In Plaintiffs** – Those individuals who previously filed a Notice and Consent to join in this Action.
>
> **Illinois Class Members** – All current and former recruiters employed by Defendant in the State of Illinois at any time between March 8, 2019 and November 1, 2021 for a period of twelve (12) months or less who were paid a salary and no overtime compensation, consisting of no more than 85 persons, including the nine (9) Opt-In Plaintiffs who meet these parameters.

Collectively, the FLSA Opt-In Plaintiffs and Illinois Class Members are the "Settlement Class Members."

2. The Notice materials sent to Settlement Class Members adequately informed the Settlement Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, their right to request exclusion from the Settlement (in the case of the Illinois Class Members) and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice materials also adequately informed the Settlement Class Members of the contact information for the Settlement Administrator and Class Counsel. Thus, the Court finds that the Notice materials provided to the Class Members satisfied the requirements of FED. R. CIV. P. 23(e)(1)(B).

3. The Court hereby finally approves the Parties' Settlement Agreement [81-1] as fair, reasonable, and adequate.

4. The Court finds that the settlement memorialized in the Settlement Agreement filed with the Court is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members. The Court finds that: (a) the strength of

the Class Representatives' and the Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Amount of $950,000.00 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the parties; (d) the support for the Settlement expressed by Class Counsel, who have significant experience representing parties in complex class and collective actions, including those involving wage and hour claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Litigation has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

5. The Court further finds that, with regard to the Fair Labor Standards Act (FLSA) claims in the case, the proposed settlement is a fair and reasonable resolution of a *bona fide* dispute. In particular, the Court finds the proposed settlement fair and reasonable in light of the complexity, expense, and likely duration of continued litigation; the stage of the proceedings; the risks of establishing liability and/or damages at trial; the risks of maintaining the Action through the trial; the reasonableness of the settlement fund in light of the best possible recovery; and the reasonableness of the settlement fund in light of all the risks of litigation.

6. As identified in the declaration of due diligence by Evelin Reyes [97-2],

filed on March 9, 2023, the Court finds that zero (0) Class Members requested exclusion from the Settlement. Thus, all Illinois Class Members are deemed to have released all wage and hour claims or causes of action arising from March 8, 2019 through May 15, 2022 and which arise out of or are related to the allegations in the Second Amended Complaint filed in the Action, including but not limited to claims arising under the Fair Labor Standards Act, any applicable state wage payment laws, including Illinois wage payment laws, or any applicable parallel local law, including any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such owed overtime pay (as set forth in Section 5(f) of the Settlement Agreement) and are bound by the terms of the Settlement Agreement as it relates to this release. In addition, those FLSA Opt-In Plaintiffs who: (1) previously filed a Notice and Consent to join in this Action; and (2) negotiate(d) their settlement check within one hundred and fifty days of the Check Cashing Deadline (as defined within the parties' Settlement Agreement) have released and discharged the Released Parties from wage and hour claims or causes of action arising from April 27, 2018 through May 15, 2022 which arise out of or are related to the allegations in the Second Amended Complaint filed in the Action, including but not limited to claims arising under the Fair Labor Standards Act, any applicable state wage payment laws, including Illinois wage payment laws, or any applicable parallel local law, including any related claims for liquidated damages, penalties, attorneys' fees and costs, expenses, and interest for such owed overtime pay, as set forth in Section 5(c)-(d) of the Settlement Agreement. Finally, and in addition to the foregoing, the Class

4

Representatives are bound by the terms of the general release of all claims set forth in Section 5(a) to the Settlement Agreement.

7. Pursuant to Section 7(h) of the Settlement Agreement, Defendants are hereby ordered to deposit within seven (7) days the remaining settlement funds into the Qualified Settlement Fund (QSF) established by the Settlement Administrator as required by the Settlement Agreement.

8. The Court approves the service payments to Class Representatives Vanderheyden and Milindawad in the amounts of $7,000 and $3,000, respectively, as set forth in the Settlement Agreement.

9. The Court approves Class Counsel's request for attorneys' fees and expenses in the amount of $316,666.67.

10. The Court retains jurisdiction to interpret, implement, and enforce the terms of the Settlement Agreement. The Parties shall file a joint status report by October 31, 2023 regarding settlement administration, along with a joint stipulation of dismissal with prejudice (or a joint status report explaining why such dismissal may not yet be appropriate).

SO ORDERED.

Date: May 17, 2023   ENTERED:

_____
John Robert Blakey
United States District Judge

5